# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-1733

JOSEPH C. HILLYARD, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued October 26, 2010                    Decided March 29, 2011)

*Kenneth M. Carpenter* of Topeka, Kansas, was on the brief for the appellant.

*Michael A. Carr,* with whom *Will A. Gunn*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Leslie C. Rogall*, Deputy Assistant General Counsel; all of Washington, D.C., were on the brief for the appellee.

Before GREENE, HAGEL, and SCHOELEN, *Judges*.

HAGEL, *Judge*: Joseph C. Hillyard appeals through counsel a February 8, 2008, Board of Veterans' Appeals (Board) decision that dismissed with prejudice his motion to revise or reverse on the grounds of clear and unmistakable error, a February 1987 Board decision that denied entitlement to VA benefits for an acquired psychiatric disorder. The appeal was referred to a panel because it presents a new question of law: whether a motion to revise a Board decision adjudicating a particular *claim* bars all future *motion*s to revise regarding that same claim even if the theory advanced to support revision in the second motion is different from the theory advanced in the first motion. The Court finds that it does. Thus, because the Court concludes that the Board properly dismissed with prejudice Mr. Hillyard's motion to revise the 2008 Board decision denying his claim for benefits based on post-traumatic stress disorder, the Court will affirm the February 2008 Board decision.

## I. FACTS

### A. Background

Mr. Hillyard served on active duty in the U.S. Army from January to May 1975 and from November 1976 to July 1984. During service, Mr. Hillyard suffered a head injury for which he was hospitalized for two weeks.

In August 1984, Mr. Hillyard filed a claim for VA benefits for a "mental condition"caused by his in-service head injury. Record (R.) at 1695-96. In November 1984, a VA regional office denied Mr. Hillyard's claim and Mr. Hillyard appealed that decision to the Board. In a February 1987 decision, the Board denied Mr. Hillyard's claim, finding that his psychiatric disorder "is attributable to congenital and developmental origins." R. at 1662, 1668. The Board also found that "testing on numerous occasions during service was not indicative of chronic, acquired pathology consistent with a head injury." R. at 1668. Accordingly, the Board concluded that there was no reasonable basis on which to award Mr. Hillyard VA benefits for his psychiatric disorder.

In April 2001, Mr. Hillyard filed a motion to revise the February 1987 Board decision based on clear and unmistakable error. Specifically, Mr. Hillyard argued that the Board failed to adjudicate a claim for an adjustment disorder and did not discuss whether such a disorder pre-existed service. In a July 2001 decision, the Board denied Mr. Hillyard's motion to revise. The Board found that its February 1987 decision was not undebatably erroneous because the Board in 1987 considered all the relevant facts on file at the time and there was no evidence that the Board failed to consider any relevant facts or failed to properly apply any relevant regulation.

In January 2006, Mr. Hillyard again filed a motion to revise the February 1987 Board decision based on clear and unmistakable error. In his motion, Mr. Hillyard argued that VA had a duty to sympathetically read his 1984 *claim*. R. at 20 (citing *Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001). Mr. Hillyard also argued that the Board failed to consider and apply 38 U.S.C. §§ 105(a) and 1111. R. at 21.

In the February 2008 Board decision currently on appeal, the Board found that once there is a final decision on a motion to revise based on clear and unmistakable error in a prior Board decision on a particular *issue*, that issue can no longer be challenged on the grounds of clear and unmistakable error. Accordingly, the Board determined that, although the *arguments* in support of Mr. Hillyard's

2

January 2006 motion were *different* from those contained in his April 2001 motion, the arguments pertained to the same *issue* and therefore his January 2006 motion must be dismissed with prejudice. R. at 6 (citing 38 C.F.R. § 20.1409(c) (2008)).

B. Appellant's Arguments

On appeal, Mr. Hillyard contends that the Board failed to correctly apply *Andrews v. Nicholson*, 421 F.3d 1278 (Fed. Cir. 2005). Specifically, Mr. Hillyard contends that a motion to revise a Board decision based on clear and unmistakable error "is defined by the specific averment of clear and unmistakable error made . . . [T]he failure to aver an alternative theory for an averment of error does not waive the opportunity to present a new theory in a subsequent pleading, it only delays its adjudication when it is properly raised." Appellant's Brief (Br.) at 3. Mr. Hillyard argues that, because a motion to revise based on clear and unmistakable error must be plead with specificity, "a claimant remains free to make a new [motion] for revision based on any theory not previously presented." Appellant's Br. at 4. In his reply brief, Mr. Hillyard argues that the Secretary's regulations are not entitled to deference in this particular case because the term "issue" is not relevant to the Board's duty to consider and apply the rule in *Andrews*.

In his supplemental brief, Mr. Hillyard answered the questions posed by the Court in its July 19, 2010, order. Mr. Hillyard defines a "final decision" of the Board, pursuant to 38 U.S.C. § 7111(c) and 38 C.F.R. § 20.1401(a), as one that "has been mailed by the Board to the claimant following review by the Board based upon an allegation of clear and unmistakable error." Appellant's Supplemental (Supp.) Br. at 3. Mr. Hillyard defines the term "issue" as "a *matter* upon which the Board made a final decision." Appellant's Supp. Br. at 5 (citing 38 C.F.R. § 20.1401(a)) (emphasis added). Mr. Hillyard also notes that "VA has not otherwise defined the terms 'issue,' 'matter,' 'claim,' 'element of a claim' and 'theory' in the specific context of clear and unmistakable error motion." *Id.* He does state, however, that these terms must relate to a specific allegation of clear and unmistakable error made by the claimant and suggests that the Court turn to *Andrews* and *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002) for guidance in this regard.

As to the Court's question of whether there is a limit on the number of motions to revise based on clear and unmistakable error that may be filed, Mr. Hillyard asserts that there are no limitations other than the requirement that such allegations be specifically pled. As to the Court's

3

question about the number of motions that may be filed with the Board based on different theories, Mr. Hillyard contends that "[a]n appellant is entitled to submit an unlimited number of motions to revise based on clear and unmistakable error, if each motion is based on a different theory or allegation of clear and unmistakable error." Appellant's Supp. Br. at 10.

Turning to the question of whether there is a difference between motions to revise based on clear and unmistakable error filed at the regional office versus the Board, Mr. Hillyard argues that there should be no distinction. As to whether the Court must liberally interpret such motions, Mr. Hillyard contends that such a sympathetic reading is limited to the claimant's allegations and not allegations set forth by the claimant's attorney. Finally, as to the Court's question of what to do in a situation where the motion to revise is based on two theories of clear and unmistakable error, and the motion based on one is decided and the other basis for the motion is dismissed for lack of specificity, Mr. Hillyard argues that the claimant would be able to file a new motion for clear and unmistakable error to perfect that motion. Appellant's Supp. Br. at 16-17 (citing *Disabled American Veterans (DAV) v. Gober*, 234 F.3d 682, 699 (Fed. Cir. 2000).

## C. Secretary's Arguments

In response, the Secretary argues that the Court should affirm the February 2008 Board decision because Mr. Hillyard was precluded from filing another motion for revision of the February 1987 Board decision on the grounds of clear and unmistakable error by 38 C.F.R. § 20.1409(c) (2009). The Secretary explains that § 20.1409(c) "prevent[s] more than one challenge to a Board decision addressing a specific appealable matter," and the regulation and the statute defined the terms "issue" and "matter," respectively. Secretary's Br. at 6-7; *see* 38 U.S.C. § 7111; 38 C.F.R. § 20.1401(a). The Secretary also contends that this interpretation of VA's clear and unmistakable error regulations was upheld by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *DAV*, 234 F.3d at 702. The Secretary distinguishes Mr. Hillyard's case from the situation in *Andrews*, in that his appeal pertains to clear and unmistakable error in a Board decision, whereas the *Andrews* appeal pertained to clear and unmistakable error in a regional office decision. Finally, the Secretary notes that the July 2001 Board decision had been affirmed by this Court in a September 2003 memorandum decision. *See Hillyard v. Principi*, 18 Vet.App. 425 (Sept. 3, 2003) (table).

4

In his supplemental brief, the Secretary argues that a "final decision" of the Board for purposes of reviewing a motion to revise based on clear and unmistakable error "is one which was appealable under Chapter 72 of title 38, United States Code, or which would have been so appealable if such provision had been in effect at the time of the decision." Secretary's Supp. Br. at 2 (citing 38 C.F.R. § 20.1401(a)). The Secretary also notes that "[w]hile 38 C.F.R. § 20.1409(b) states that 'a dismissal without prejudice . . . [i]s not a final decision of the Board[,]' in *Canady v. Nicholson*, this Court held that it had jurisdiction to review the dismissal of a [motion to revise based on clear and unmistakable error] by the Board as well as a denial." Secretary's Supp. Br. at 3 (citing 20 Vet.App. 393, 399-401 (2006)).

For purposes of a motion to revise based on clear and unmistakable error, the Secretary asserts that 38 C.F.R. § 20.1401(a) defines "issue" as "a matter upon which the Board made a final decision." As to the term "matter," the Secretary states that this term is not defined in statute or VA regulation, but can be gleaned from case law. Secretary's Supp. Br. at 5 (citing *Bernard v. Brown*, 4 Vet.App. 384, 391-92 (1993) (stating that whether a claimant was entitled to an award of benefits related to a single matter, i.e., a "single claim of entitlement to VA benefits.")). The Secretary also notes that pursuant to 38 C.F.R. § 20.3(f), "[c]laim means application made under title 38, United States Code, and implementing directives for entitlement to Department of Veterans Affairs benefits or for the continuation or increase for such benefits, or the defense of a proposed agency adverse action concerning benefits." Secretary's Supp. Br. at 6. The Secretary also states that the terms "theory" and "element of a claim" do not appear in title 38 of the U.S. Code or title 38 of the Code of Federal Regulations. Secretary's Supp. Br. at 7 (citing *Roebuck v. Nicholson*, 20 Vet.App. 307, 313 (2006) (noting that "although there may be multiple *theories* or means of establishing entitlement to a benefit for a disability, if the theories all pertain to the same benefit for the same disability, they constitute the same claim.") (emphasis added)).

As to the Court's question of whether there is any limit on the number of motions to revise based on clear and unmistakable error that may be filed, the Secretary argues that a claimant is limited to one challenge against an *issue* in a Board decision. Secretary's Supp. Br. at 8 (citing 38 C.F.R. § 20.1401(a) (noting that a claimant may not bring more than one clear and unmistakable error challenge to a Board decision on a particular issue)). However, the Secretary states that the

5

number of motions to revise based on clear and unmistakable error that a claimant may bring against a regional office decision is not limited, so long as each new challenge involves a distinct theory of clear and unmistakable error, except when that regional office decision has been subsumed by a later Board decision reviewing the merits of the same claim, because the pertinent statutes and regulations pertaining to clear and unmistakable error decisions at the regional office do not impose any such limits.

Turning to the question of whether the Court must provide a sympathetic reading to motions to revise based on clear and unmistakable error, the Secretary states that although this duty applies to such motions, it does not apply to pleadings filed by counsel in this context.

Finally, as to the Court's hypothetical of what to do in a situation where a claimant filed two motions to revise based on clear and unmistakable error, one of which was decided and one of which was dismissed without prejudice for failure to plead with specificity, the Secretary contends that 38 C.F.R. § 20.1409(c) would preclude the claimant's resubmission of the dismissed allegation. Secretary's Supp. Br. at 13. However, "it is the Secretary's position that 38 C.F.R. § 20.1404(b) . . . does not contemplate splitting multiple allegations of error in a single motion into separate motions but requires dismissal of the entire motion without prejudice. This would allow the claimant to refile the motion with both allegations sufficiently specific." Secretary's Supp. Br. at 13.

### D. Oral Argument

At oral argument, Mr. Hillyard again argued that limiting the number of motions to revise based on clear and unmistakable error that an appellant may file with a Board decision is inconsistent with the Federal Circuit's precedents in *Andre* and *Andrews*. He asserted that the Board does not decide an "issue" of clear and unmistakable error, but rather adjudicates the specific theory that has been advanced by the appellant, since clear and unmistakable error must be pled with specificity. He also argued that the Federal Circuit's holding in *DAV* only affirmed the Board's review process, not that the regulation limiting the number of motions to revise based on clear and unmistakable error that could be filed with the Board was valid.[1]

---

[1] The Court notes that nowhere in his briefs or during oral argument did Mr. Hillyard argue that he has an unadjudicated claim pending. Accordingly, the Court will not address this argument. *See Grivois v. Brown*, 6 Vet.App. 136, 138 (1994) (issues or claims not argued on appeal are considered abandoned).

In response, the Secretary argues that, as is evident from VA's regulatory scheme, there is a distinction between motions to revise based on clear and unmistakable error that are filed at a regional office versus those filed at the Board. Specifically, the Secretary asserted that an appellant has only one chance to file a motion to revise based on clear and unmistakable error at the Board and that this principle was affirmed by the Federal Circuit in *DAV*. He further asserted that such a rule is in the interest of judicial economy and promotes the principles of res judicata. The Secretary also discussed the definition of "issue" as it is used in 38 C.F.R. § 20.1409(c). He stated that issue is defined in 38 C.F.R. § 20.1401(a), which states:

> Unless otherwise specified, the term "issue" in this subpart means a matter upon which the Board made a final decision (other than a decision under this subpart). As used in the preceding sentence, a "final decision" is one which was appealable under Chapter 72 of title 38, United States Code, or which would have been so appealable if such provision had been in effect at the time of the decision.

He further asserted that, although the term "matter" is not defined in the regulations, this definition of "issue" was also affirmed in *DAV*.

In rebuttal, Mr. Hillyard argued that an issue is the basis for the request for revision. He further contends that an issue is not a claim, and it is not controlled by the "issues" listed on the first page of the Board decision. He concluded by arguing that there should not be a distinction between clear and unmistakable error motions raised at the regional office or the Board.

### E. Bench Order

At the conclusion of oral argument, from the bench, the Court issued an order directing the parties to submit a one sentence definition of the term "issue" with pertinent authority. Neither submission was helpful to the Court and both included certain terms in disregard of the Court's order. Mr. Hillyard, quoting to 38 C.F.R. § 20.1401(a), stated that "'[u]nless otherwise specified, the term "issue" in this subpart means a matter upon which the Board made a final decision (other than a decision under this subpart.'" Appellant's Response to Court's October 26, 2010, order at 1, quoting 38 C.F.R. § 20.1401(a). He further stated that he was "unable to identify any other authority for any definition of the term 'issue' as used in [ ] VA's regulations concerning revisions of final [B]oard decisions based on allegations of clear and unmistakable error." *Id.* at 2.

The Secretary stated that:

7

The term "issue" is defined as a "matter" upon which the Board made a final decision which was appealable, and the term "matter" in this context refers to the finality of a decision, and the scope of each particular issue subject to attack based on clear and unmistakable error is most easily understood by reference to the first page of the Board of Veterans' Appeals decision where each issue is set forth under the sub-heading "Issue" or "Issues."

Secretary's Response to the Court's October 26, 2010, order at 1. As authority for his definition, the Secretary cites to 63 Fed. Reg. 27534-02, 27536-27757; 64 Fed. Reg. 2134-01, 2136; 38 C.F.R. § 20.1401(a); and 38 U.S.C. § 7104(a).

## II. ANALYSIS

A. Motion to Revise Based on Clear and Unmistakable Error in a Board Decision

A claimant may file a request to the Board to reverse or revise a prior Board decision on the grounds that the prior decision contains clear and unmistakable error. 38 U.S.C. § 7111; 38 C.F.R. 20.1400(b) (2010). Clear and unmistakable error is established when the following conditions are met. First, either (1) the correct facts in, or constructively in, the record were not before the adjudicator; or (2) the statutory or regulatory provisions in existence at the time were incorrectly applied. *See Damrel v. Brown*, 6 Vet.App. 242, 245 (1992). Second, the alleged error must be "undebatable," not merely "a disagreement as to how the facts were weighed or evaluated." *Russell v. Principi*, 3 Vet.App. 310, 313-14 (1992) (en banc). Finally, the commission of the alleged error must have "manifestly changed the outcome" of the decision being attacked on the basis of the clear and unmistakable error at the time that decision was rendered. *Id*.; *see Bustos v. West*, 179 F.3d 1378, 1380 (Fed. Cir. 1999) (expressly adopting "manifestly changed the outcome" language in *Russell*). When the Court reviews a Board determination that there was no clear and unmistakable error in one of its prior final decisions, the Court's review is limited to determining whether the Board's conclusion in that regard is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 38 U.S.C. § 7261(a)(3).

Prior to November 21, 1997, however, there was no statutory authority allowing for a collateral attack of a final Board decision on the basis of clear and unmistakable error. Nonetheless, since at least 1928, VA regulations have provided for the revision of VA decisions that were the

product of "clear and unmistakable error." *See* Veterans Benefits Regulation 187, § 7155 (1928); Exec. Order No. 6230 (Veterans Regulation No. 2a) (July 28, 1933); *see also Jarrell v. Nicholson*, 20 Vet.App. 326, 328-29 (2006). This Court first addressed the issue of clear and unmistakable error in 1992, in *Russell*. In that case, the Court held that "38 C.F.R. § 3.105(a), which authorizes the [Board] or a [VA regional office] to revise previous decisions where there was 'clear and unmistakable error,' is a valid regulation." 3 Vet.App. at 312. In *Smith v. Brown*, however, the Federal Circuit held that 38 C.F.R. § 3.105(a) applied only to regional office decisions, and that Board decisions were considered final unless the Chairman of the Board granted a motion for reconsideration, the decision is vacated *sua sponte* by the Board, or the Board decision is reversed or remanded by the Court. 35 F.3d 1516, 1520-21 (Fed. Cir. 1994). The Federal Circuit explained that:

> It does not seem reasonable to impute to the drafters of the regulation an intent to have the [clear and unmistakable error] provision apply to Board decisions when they addressed adjudication at the [agency of original jurisdiction] level and the Board level in different parts of the regulation and mentioned [clear and unmistakable error] review only in the part governing [agency of original jurisdiction] adjudication, in a section addressing the finality of [agency of original jurisdiction] decisions.

*Id.* at 1523.

In response, Congress enacted 38 U.S.C. §§ 5109A and 7111. *See* Pub. L. 105-111, § 1(b), 111 Stat. 2271 (Nov. 21, 1997). Section 5109A applied to revision of decisions on grounds of clear and unmistakable error in a regional office decision, and section 7111 applied to revision of decisions on the grounds of clear and unmistakable error in a Board decision. The statutes nearly mirror one another, except for the fact that section 5109A requires that a motion for revision based on clear and unmistakable error be submitted to the Secretary, whereas the text of section 7111 provides that such a motion be submitted directly to the Board. In this regard, section 5109A requires that a request for revision based on clear and unmistakable error "shall be decided in the same manner as any other claim," whereas section 7111 describes a specific procedure for the adjudication of a request based on clear and unmistakable error. Further, section 5109A is part of chapter 51, title 38, U.S. Code, which governs claims, effective dates, and payments, whereas section 7111 is part of chapter 71, title 38, U.S. Code, which governs the Board of Veterans' Appeals.

Thus, in reviewing the statutory history of clear and unmistakable error in VA decisions, it is clear that there is a difference in the treatment of regional office and Board decisions, as evidenced by the different statutes that were enacted and the fact that the statutes appear in separate sections of title 38.

### B. 38 C.F.R. § 20.1409(c)

To implement the statutory provisions pertaining to clear and unmistakable error, VA enacted several regulations. *See* 64 Fed. Reg. 2134-01 (Jan. 13, 1999). At issue in this case is 38 C.F.R. § 20.1409(c). That regulation states:

> Once there is a final decision on a motion under this subpart relating to a prior Board decision on an *issue*, that prior Board decision on that issue is no longer subject to revision on the grounds of clear and unmistakable error. Subsequent motions relating to that prior Board decision on that issue shall be dismissed with prejudice.

38 C.F.R. § 20.1409(c) (emphasis added). The term "issue" is defined in 38 C.F.R. § 20.1401(a).[2] That provision provides that

> [u]nless otherwise specified, the term "issue" in this subpart means a matter upon which the Board made a final decision (other than a decision under this subpart). As used in the preceding sentence, a "final decision" is one which was appealable under Chapter 72 of title 38, United States Code, or which would have been so appealable if such provision had been in effect at the time of the decision.

38 C.F.R. § 20.1401(a).

In this case, Mr. Hillyard attempts to overcome § 20.1409(c) by arguing that the Board did not properly apply the Federal Circuit's holding in *Andrews*. In *Andrews*, the veteran attempted to reopen 1983 and 1985 decisions of the regional office on the basis of clear and unmistakable error. 421 F.3d at 1279. Neither of these decisions had discussed the issue of total disability based on individual unemployability (TDIU), nor did the veteran raise the issue of TDIU in his motion

---

[2]The Court recognizes that the terms issue, claim, and matter have been used inconsistently by VA regulation, this Court, and the Federal Circuit. *See, e.g., Tyrues v. Shinseki*, 23 Vet.App. 166, 187 (2009) (Hagel, J., concurring) (noting confusion amongst the Court's caselaw with the interchangeable use of the terms "issue," "matter," and "claim" without clear definitions of those terms); *Rudd v. Nicholson*, 20 Vet.App. 296, 300 (2006) (holding that there can be no freestanding "claim" for an earlier effective date); *see also Elkins v. Gober*, 229 F.3d 1369, 1375-76 (Fed. Cir. 2000) (noting the Court's practice of treating distinct *claims* as separable on appeal); *Barrera v. Gober*, 122 F.3d 1030, 1032 (Fed. Cir. 1997) (holding that this Court has jurisdiction to review a decision concerning one of the *issues* that comprise a claim, i.e, the issue of disability rating).

alleging clear and unmistakable error. *Id.* at 1280. When the case reached this Court, the Court considered, in the first instance, the issue of whether the prior regional office decisions were the product of clear and unmistakable error because those decisions had failed to consider TDIU. *Id.* On appeal, the Federal Circuit stated that: "Failure to raise an issue in a [motion alleging clear and unmistakable error] filed by counsel before the Board is fatal to subsequently raising the issue before the Veterans' Court." *Id.* at 1283. The Federal Circuit relied on *Andre*,for the rule that an original motion of clear and unmistakable error does not "'encompassed all potential allegations of clear and unmistakable error in the [regional office] decision.'" *Id.* (quoting *Andre*, 301 F.3d at 1361). The Federal Circuit stated that "Andrews' failure to claim [clear and unmistakable error] based on TDIU does not waive such a claim–it only delays its adjudication to a time when it is properly raised." *Id.* at 1284. He was "free to claim that he had raised TDIU in the 1983 and 1985 applications in a new [motion alleging clear and unmistakable error], and judicial review remains available after the Board has ruled on the claim." *Id.*

The Court understands Mr. Hillyard's confusion created by the language in *Andrews*, but must nonetheless find his reliance on that case to be misplaced. Although that case may indicate that a claimant can repeatedly raise clear and unmistakable error challenges to a claim finally decided in a regional office decision, it does not speak to a claim finally decided in a Board decision. As outlined above, clear and unmistakable error challenges to Board decisions are based on a different statutory and regulatory scheme than those same challenges to regional office decisions.

In this regard, the Court is bound by *Disabled American Veterans*. In that case, the Federal Circuit upheld the validity of 38 C.F.R. § 20.1409(c). The Federal Circuit noted that, before it on appeal and during the rulemaking process, challenges were brought that § 20.1409(c) was arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with the law because it only provided a claimant with one chance to challenge a Board decision on a particular issue based on clear and unmistakable error. *See DAV*, 234 F.3d at 702. In response, VA argued that the rule promotes the interests of judicial economy and the finality of decisions. *Id.* In support of its position, VA relied on its notice of proposed rulemaking, where it stated that "the [clear and unmistakable] error challenge available under 38 C.F.R. [§] 3.105(a) does not apply to Board decisions." 63 Fed. Reg. 27,534, 27,536 (citing *Smith*, 35 F.3d at 1521. Accordingly, VA explained

11

that the proposed regulations would establish procedures for requesting revision of a Board decision. *Id.* In discussing proposed regulation § 20.1409, VA explained that:

> [If] a party challenged a decision on service connection for failing to apply the proper diagnostic code in the Schedule for Rating Disabilities, 38 C.F.R. part 4, and the Board denied the motion, a subsequent motion which alleged that the Board failed to apply the presumption of sound condition at the time of entry into service, 38 U.S.C. 1111, would be dismissed with prejudice. It would be clearly important that a moving party carefully determine *all possible bases* for [clear and unmistakable error] before he or she files a motion.

63 Fed. Reg. 27,534, 27,538 (1998) (emphasis added). VA added that

> once there is a final decision on a motion under the proposed subpart–whether initiated by a party or by the Board–with respect to a particular issue, the prior Board decision on that issue would no longer be subject to revision on the grounds of [clear and unmistakable error] and that subsequent motions on such decisions would be dismissed with prejudice.

*Id.* VA further explained that "because the availability of a [clear and unmistakable error challenge] does not mean that the issue may be 'endlessly reviewed,' we believe that one challenge per decision on an issue is justified not only as a proper statement of the law, but also as a rule serving the interests of judicial economy." *Id.* (internal citation omitted).

Turning back to its decision in *Disabled American Veterans*, the Federal Circuit ultimately agreed with VA when, although using the terms "claim" and "issue" somewhat imprecisely, it stated:

> Rule 1409(c) is neither arbitrary and capricious nor contrary to law. It simply prevents a claimant from refiling a [clear and unmistakable error] claim[3] on a particular issue in a Board decision when there already has been a final decision on a [clear and unmistakable error motion] relating to that issue, as required by 38 U.S.C. § 7111(e). That makes sense. Once a claimant obtains a final decision on a [clear and unmistakable error] claim regarding a particular issue, that claimant should not be allowed to present the same challenge again, especially since a [clear

---

[3] A claim is "[a]ny communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs." 38 C.F.R. § 3.155 (2010). An attempt to overturn a decision based on the fact that it was the product of clear and unmistakable error is a collateral attack on a previously and finally decided claim. This collateral attack is made by "a reversal of a prior decision on the ground of clear and unmistakable error [and] has the same effect as if the corrected decision had been made on the date of the revised decision." 38 C.F.R. § 3.105(a). Thus, there can be no "clear and unmistakable error claim." Use of this imprecise terminology inhibits clear identification of the procedural posture of the adjudication and the rights due to the claimant and all responsibilities of VA.

> and unmistakable error] claim is, itself, a collateral attack on an otherwise final prior Board decision.

234 F.3d at 702. The Federal Circuit also reiterated that Rule 1409(c) did in fact promote "the interests of judicial economy and finality of decisions." *Id.* It is presumed that, in making these determinations, the Federal Circuit read VA's notice of proposed rulemaking and the rationale provided for the proposed regulations. The Court also therefore concludes that, in making this determination, the Federal Circuit considered the public comments to the regulation and VA's responses thereto. In other words, because this Court is bound to accept the Federal Circuit's holding in *Disabled American Veterans*, we must hold that § 20.1409(c) is a valid interpretation of section 7111 and, as such, an appellant may not bring more than one clear and unmistakable error challenge to an issue in a final Board decision. *See Simmons v. Principi*, 17 Vet.App. 104, 112 (2003) ("[O]nce there is a final decision on a [clear and unmistakable error motion] on a particular issue, the prior Board decision being collaterally attacked 'on that issue is no longer subject to revision on the ground of [clear and unmistakable err].'" (quoting *DAV*, 234 F.3d at 698.)).

The Federal Circuit also upheld the definition of "issue" stated in § 20.1401(a) as consistent with 38 U.S.C. § 7111 in *Disabled American Veterans*. 234 F.3d at 693. Although, in that decision, the Federal Circuit properly used the term "issue," it is not a model of clarity in that it also defined "issue" using other words that are not themselves otherwise defined. The Court concludes, however, that in *Disabled American Veterans,* the Federal Circuit equates "issue" with a "claim" and not a theory or an element of a claim. The Court further concludes that this interpretation is consistent with Rule 1409(c).

The Court recognizes the tension that exists between the Federal Circuit's decision in *DAV* and its more recent decision in *Robinson v. Shinseki*, 557 F.3d 1355, 1360-61 (Fed. Cir. 2009). In that case, the Federal Circuit stated:

> [E]ach new [clear and unmistakable error] theory is independent for res judicata purposes, so a narrow reading of what [clear and unmistakable error] theories were raised would work no disadvantage to the claimant, as any unraised theories could be raised in a new [clear and unmistakable error] action.

*Id.* (citing 38 C.F.R. § 20.1409(c)). Although we agree that the principles of res judicata may not bar a claimant from bringing multiple claims of clear and unmistakable error challenging a Board

decision on a particular claim, it is § 20.1409(c) that prohibits these repeated challenges. As the Federal Circuit did not closely examine § 20.1409(c) in its *Robinson* decision, at least not as closely as it did in *DAV*, the Court finds *DAV* to be more instructive.

### D. Potential Impact

The Court recognizes that its holding may persuade individuals to delay filing requests for revision based on clear and unmistakable error to ensure that all challenges are raised on an issue. However, VA addressed this circumstance in its notice of proposed rulemaking. *See* 63 Fed. Reg. 27,534, 27,538. VA emphasized that "[i]t would be clearly important that a moving party carefully determine all possible bases for [clear and unmistakable error] before he or she files a motion [to revise a prior decision] under [this] subpart." *Id.* The Federal Circuit favorably found that judicial economy and finality were promoted by this approach, even though such interests are not promoted in the regulation governing clear and unmistakable error challenges to regional office decisions.

Moreover, the Court recognizes that, even though the appellant is asked to define the issue on appeal on the Substantive Appeal form (VA Form 9), that it is actually the Board that ultimately defines the "issue"that it will decide. Accordingly, it is possible that the Board could attempt to foreclose a clear and unmistakable error challenge by declaring clear and unmistakable error, defining the issue, and thus precluding the appellant from being able to bring their own clear and unmistakable challenge of the underlying Board decision at a later time. *See* 38 C.F.R. § 20.1400(a) ("Review to determine whether clear and unmistakable error exists in a final Board decision may be initiated by the Board, on its own motion . . ..").  However, because the VA adjudication system is nonadversarial, the Court trusts that VA adjudicators will not abuse this regulation and does not by this decision suggest otherwise. In other words, the Court trusts VA adjudicators not to improperly preclude an appellant from raising an issue of clear and unmistakable error by labeling the issues in such a manner that would prevent an otherwise proper clear and unmistakable error challenge from being brought. *See Hodge v. West*, 155 F.3d 1356, 1362 (Fed Cir. 1998) (stating that "[t]his court and the Supreme Court both have long recognized that the character of the veterans' benefits statutes is strongly and uniquely pro-claimant" and describing "the historically non-adversarial system of awarding benefits to veterans"); *Trilles v. West*, 13 Vet.App. 314, 326 (2000) (en banc) (describing "the VA nonadversarial claims adjudication process").

14

## D. Mr. Hillyard's Claim

In Mr. Hillyard's case, the "issue" in question is entitlement to VA benefits for a psychiatric disorder. The Court reiterates that the Board previously adjudicated a clear and unmistakable error challenge as to this issue in July 2001, and that decision was affirmed by the Court in September 2003. Accordingly, Mr. Hillyard's argument in his reply brief that the Secretary's definition of "issue" is not entitled to deference is entirely without merit and, in fact, directly contradicts established precedent. *See DAV*, 234 F.3d at 682. Further, the Board found that 38 C.F.R. § 20.1409(c) precluded it from making a determination on Mr. Hillyard's January 2006 motion to revise based on clear and unmistakable error because the Board had previously adjudicated this issue in its July 2001 decision. As is discussed above, that regulation is valid and therefore the Board did not err in finding that it did not have jurisdiction to review Mr. Hillyard's motion for clear and unmistakable error in the February 1987 decision because it had previously adjudicated such a motion as to that claim in the July 2001 Board decision. Without jurisdiction, the Board had no choice but to dismiss Mr. Hillyard's motion.

The Court does recognize that, in an October 2003 memorandum decision, this Court, although affirming the July 2001 Board decision, stated that several of Mr. Hillyard's assertions of clear and unmistakable error were never presented to the Board and therefore were not properly before the Court, thus implying that such assertions could be raised to the Board at a later time. *See Hillyard v. Principi*, 18 Vet.App. 425 (2003) (table). As discussed earlier in this decision, the Court concludes that the 2003 *Hillyard* decision represents another example of the confusion surrounding the caselaw regarding motions to revise based on clear and unmistakable error. The Court wishes to clarify that, by its holding today, an appellant has only one opportunity to raise any allegation of clear and unmistakable error for each claim decided in a Board decision and any subsequent attempt to raise a clear and unmistakable error challenge to the same claim contained in a Board decision will be dismissed with prejudice.

Accordingly, Mr. Hillyard cannot seek revision of the claim decided in the February 1987 Board decision based on clear and unmistakable error as a matter of law under any theory because the Court previously determined that clear and unmistakable error did not exist on the only claim in that decision. *See Russell*, 3 Vet.App. at 315 (stating that the availability of a clear and unmistakable

15

error challenge "does not mean that the same issue may be endless reviewed."). As such, the February 2008 Board decision will be affirmed.

### E. Other Matters

The Court finds it important to clarify the use of the terms that appear in this decision and decisions cited herein in the hope that these definitions will bring some uniformity to the use of these terms in future adjudications and Court decisions.

A "*claim*" is defined as "a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit." 38 C.F.R. § 3.1(p) (2010). An "informal claim" is "[a]ny communication or action, indicating an intent to apply for one or more benefits . . . Such informal claim must identify the benefit sought." 38 C.F.R. § 3.155(a). *See Roebuck*, 20 Vet.App. at 312-13 (defining a claim as "an application for entitlement to a VA benefit based on a current disability."). Because a motion to revise based on clear and unmistakable error requests revision of a prior final decision, rather than entitlement to a benefit based on a current disability, there can be no "claim" for clear and unmistakable error.

As discussed earlier in this decision, 38 C.F.R. § 20.1401(a) provides a definition of the word "*issue*." The Court reiterates that, in *Disabled American Veterans*, the Federal Circuit equated the word "issue" with a "claim" and *not* a theory or an element of a claim. *See DAV*, 234 F.3d at 694.

A "*theory*" is defined as a "means of establishing entitlement to a benefit for a disability," and "if the theories all pertain to the same benefit for the same disability, they constitute the same claim." *Roebuck*, 20 Vet.App. at 313; *see Robinson v. Peake*, 21 Vet.App. 545, 551 (2008) ("The proposition that separate theories in support of a claim for benefits for a particular disability equate to separate claims for benefits for that disability is no longer good law."); *Bingham v. Principi*, 18 Vet.App. 470, 474 (2004),(distinguishing between a "claim" and a "theory" by stating that "direct and presumptive service connection are, by definition, two means (i.e., two *theories*) by which to reach the same end, namely service connection.") *aff'd* 421 F.3d 1346 (Fed. Cir. 2005).

Pursuant to Black's Law Dictionary, a "*matter*" is "[a] subject under consideration, esp[ecially] involving a dispute or litigation; case." BLACK'S LAW DICTIONARY [hereinafter BLACK'S] 1067 (9th ed. 2009). That dictionary provides the following example: "this is the only matter on the court's docket today." *Id.*; *see also Hornick v. Shinseki*, 24 Vet.App. 50, 57 (2010)

16

("Upon consideration of the foregoing . . . the *matter* is remanded" (emphasis added)). In its notice of final rulemaking, VA explained why it did not provide a separate definition of matter, because "'matter' is not an unknown term in the context of Board decisions," (a conclusion that has proved to be inaccurate in application). 63 Fed. Reg. 27,536. In short, the "matter" is the entire subject matter before the Court, the Board, or the regional office. Thus the scope of the matter may be different at each stage of the adjudication and before the Court.

An "*element*" of a claim is "[a] constituent part of a claim that must be proved for the claim to succeed." BLACK'S at 597. For example, in *Dingess v. Nicholson*, 19 Vet.App. 473, 484 (2006), this Court held that there are five elements to a service connection claim: (1) Veteran status; (2) existence of a disability; (3) a connection between the veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability.

Finally, an assertion of clear and unmistakable error is a *motion or a request*, rather than a claim. *See Rice v. Shinseki*, 22 Vet.App. 447, 451 (2009) ("Motions alleging clear and unmistakable error . . . in a prior decision have also often been referred to as 'claims.'"). *See also* 38 U.S.C. § 7111(d) ("A request for revision of a decision of the Board based on clear and unmistakable error may be made at any time after that decision is made").

### III. CONCLUSION

Upon consideration of the foregoing, the February 2008 Board decision is AFFIRMED.