# United States Court of Appeals for the Federal Circuit

---

**THOMAS L. LARSON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7060

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-0864, Judge Lawrence B. Hagel.

---

Decided: March 10, 2014

---

BARBARA J. COOK, of Cincinnati, Ohio, argued for claimant-appellant.

ALLISON KIDD-MILLER, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and

CHRISTINA L. GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC.

―――――――――――

Before PROST, WALLACH, and CHEN, *Circuit Judges.*

PROST, *Circuit Judge.*

Thomas L. Larson appeals from a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision of the Board of Veterans' Appeals ("Board") denying Mr. Larson's claim that there had been a clear and unmistakable error in his 1969 disability rating decision. For the reasons that follow, we reverse in part and remand for further consideration.

## BACKGROUND

Mr. Larson is a Vietnam War veteran who suffered a gunshot wound in service. In 1969, he was granted a 40% combined disability rating. He did not appeal that decision, and it became final. Then, in 2007, Mr. Larson sought to revise that decision on the grounds of clear and unmistakable error ("CUE"). In order to establish CUE, a claimant must demonstrate either that (1) "the correct facts, as they were known at the time, were not before the adjudicator," or (2) "the statutory or regulatory provisions extant at the time were incorrectly applied." *Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008) (citing *Russell v. Principi*, 3 Vet. App. 310, 313-14 (1992)).

Mr. Larson argued that the adjudicator had misapplied the diagnostic codes in effect at the time of the 1969 decision. The Regional Office denied his claim, and the Board affirmed. In its opinion, the Board clearly identified Mr. Larson's two CUE claims, both relating to the application of the correct diagnostic codes. Then, after rejecting each of Mr. Larson's claims, the Board concluded: "the Veteran has not demonstrated that the law in effect during that time was incorrectly applied or that the

correct facts, as they were known at the time, were not before the adjudicators." J.A. 33.

Mr. Larson then appealed to the Veterans Court. He initially challenged the merits of the Board's decision denying the two CUE claims he had raised before the Board. However, he later filed a motion to modify the Board's decision by deleting the phrase "or that the correct facts, as they were known at the time, were not before the adjudicators." J.A. 35. Mr. Larson was concerned that the challenged language could be interpreted as a ruling on a "correct facts" CUE claim, thereby precluding him from raising such a claim in the future. In his motion, he agreed that "if that phrase is deleted, the [Veterans Court] could otherwise affirm the Board's decision." J.A. 36.

The Veterans Court dismissed Mr. Larson's motion to modify the Board's decision as moot, noting that "Mr. Larson has exhausted his opportunity to raise further assertions of clear and unmistakable error." *Larson v. Shinseki*, No. 11-0864, 2013 WL 93357, at *3 (Vet. App. Jan. 9, 2013). That conclusion was based on the Veterans Court's belief that *Hillyard v. Shinseki*, 24 Vet. App. 343 (2011), *aff'd* 695 F.3d 1257 (Fed. Cir. 2012), limits a claimant to only one opportunity to raise any and all CUE allegations. The court therefore affirmed the underlying Board decision in its entirety. *Id.* at *4.

Mr. Larson now appeals the Veterans Court's ruling. We have jurisdiction pursuant to 38 U.S.C. § 7292(a), (c).

## DISCUSSION

This court's review of a Veterans Court's decision is limited to questions of law, which we review without deference. 38 U.S.C. § 7292(d). We may set aside the Veterans Court's legal conclusions if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.*

There is no dispute in this case that the Veterans Court erred. The court relied on *Hillyard* for the proposition that "an appellant has only one opportunity to raise any allegation of clear and unmistakable error for each claim decided in a Board decision." *Larson*, 2013 WL 93357, at *3. However, in *Hillyard*, the Veterans Court was interpreting 38 C.F.R. § 20.1409(c), which relates to the number of CUE motions a claimant may file with respect to any particular *Board* decision. *See* 24 Vet. App. at 354. A different regulation—38 C.F.R. § 3.105(a)—relates to the process of filing CUE motions relating to decisions by Regional Offices. This court has twice held that § 3.105(a) permits a veteran to raise a new argument that the Regional Office committed CUE "at any time." *Andre v. Principi*, 301 F.3d 1354, 1362 (Fed. Cir. 2002); *see also Andrews v. Nicholson*, 421 F.3d 1278, 1284 (Fed. Cir. 2005).

Thus, there is no debate that the Veterans Court's dismissal of Mr. Larson's motion to modify the Board's decision as moot was legally erroneous. Because Mr. Larson only challenged the *legal* basis for the Regional Office's 1969 determination, and did not assert that the adjudicators did not have the correct facts before them at the time of the decision, Mr. Larson remains free to raise a "correct facts" CUE claim in the future at the Regional Office. However, if the challenged language in the Board's decision is interpreted as a ruling on just such a "correct facts" theory, Mr. Larson would indeed be precluded from re-raising that same CUE theory in the future. Thus, his request for clarification or modification of the Board's decision was anything but moot.

The government nevertheless urges us to affirm the Veterans Court's judgment because the affirmance of the Board's decision on Mr. Larson's CUE claims was correct. We do not intend to disturb the affirmance of the two CUE claims that Mr. Larson raised in this case; indeed, he himself effectively conceded the merits of those two

claims by limiting his appeal solely to his motion to modify the Board's decision. However, Mr. Larson's motion to modify raises the possibility that the Board's decision—which the Veterans Court affirmed—could be interpreted as a ruling on a third CUE claim relating to whether the correct facts were before the adjudicator. We therefore reverse the Veterans Court's denial of Mr. Larson's motion to modify the Board's decision as moot, and remand for the court to consider the merits of that motion.

**AFFIRMED-IN-PART, REVERSED-IN-PART, AND REMANDED**

COSTS

Mr. Larson is awarded costs.