LANCE, Judge:
The appellant, veteran Richard B. Hime, appeals through counsel an August 18, 2014, decision of the Board of Veterans’ Appeals (Board), which determined that a November 14, 1983, Board decision denying entitlement to service connection for ischial bursitis of the left hip did not contain clear and unmistakable error (CUE). Record (R.) at 3-12. On July 17, 2015, this case was submitted to a panel for decision pursuant to Section 1(b)(4) of the *3 Court’s Internal Operating Procedures. For the reasons that follow, the Court will affirm the Board’s August 18, 2014, decision.
I. FACTS
The appellant served in the U.S. Navy from December 27, 1966, to September 1, 1970. R. at 184. In November 1968, he dislocated his right shoulder; he was treated for limitation of motion secondary to that dislocation in April 1969. R. at 971. The appellant filed a claim for entitlement to service connection for a right shoulder injury in 1979, which the Roanoke, Virginia, VA regional office (RO) granted in a November 1979 decision, assigning a noncompensable rating. R. at 936.
In April 1982, the appellant filed a claim for an increased disability rating for his right shoulder injury, as well as a claim for entitlement to service connection for left hip bursitis secondary to his shoulder injury. R. at 929-30. He stated that his left hip bursitis developed as a result of “switching] from being right handed to being left handed for certain activities” on the advice of a VA physician. R. at 929. The appellant underwent a VA compensation and pension (C & P) examination in June 1982; he again stated that his left hip bursitis was caused by favoring his left arm over his right. R. at 907, 907-14. The examiner’s report did not address the appellant’s left hip. R. at 907-14.
In August 1982, the RO issued a decision denying both entitlement to an increased rating for the appellant’s right shoulder injury and entitlement to service connection for left hip ischial bursitis. R. at 905-06. The appellant filed a Notice of Disagreement (NOD) in December 1982, along with a letter from Dr. J.D. Keith Palmer, a VA physician, dated October 1982. R. at 900-902. Dr. Palmer stated that, “[ujnfortunately and unforeseeably, the change to left-handed use caused the coxal bursitis to occur on the left side” and that his left hip “condition is directly related to his service connected condition of shoulder [osteoarthritis].” R. at 902. The RO issued a Statement of the Case (SOC) again denying his claims in May 1983, R. at 883-86, and the appellant perfected his appeal to the Board that same month, R. at 877-80.
In November 1983, a three-member panel of the Board, consisting of two attorneys and one medical doctor, issued a decision denying the appellant’s claims. R. at 864-68. The Board acknowledged the October 1982 letter from Dr. Palmer, but it found that
[t]here is no evidence that the [appellant] had left hip bursitis until a number of years after service discharge. The [appellant] contends that his hip problem was caused by his service-connected right shoulder. However, he had almost full range of motion in his shoulder, which should not have caused him significant functional problems. We have taken into account the October 1982 [VA] physician’s medical statement referred to by the [appellant], but we find that the evidence as a whole does not warrant service connection for left hip bursitis.
R. at 867.
In October 2010, the appellant filed a motion to revise the November 1983 Board decision on the basis of CUE. R. at 111— 13. In his motion, he asserted that “[t]here was an unequivocal opinion from a VA physician that the hip bursitis was caused by [his shoulder condition]. There was no medical evidence to the contrary.” R. at 112. He argued that the Board in 1983 therefore improperly applied 38 C.F.R. § 3.310(a) by denying entitlement *4 to service connection for his left hip bursitis on a secondary basis. Id.
The Board issued a decision in January 2018 in which it found no CUE in the November 1983 decision. R. at 87-100. The Board explained that “[i]t [was] evident that the Board medical member disagreed with the October 1982 opinion” and that “the Board’s doctor implicitly provided the countervailing evidence to deny the appeal.” R. at 97. The Board explained that “[s]uch a procedure conformed to the practice of the Board in 1983 and was not forbidden by statute, regulation, instructions of the VA Administrator, or the precedent opinions of the chief VA law officer.” Id.
The appellant appealed the Board’s January 2013 decision to the Court, and the parties filed a joint motion for remand (JMR). R. at 35-40. In the JMR, the parties asserted that the Board did not “adequately explain how the rendering of an implicit countervailing medical finding is encompassed” in the duties of a medical member of the Board or whether any “implicit opinion” was contrary to the regulations setting forth the criteria for obtaining an independent medical expert’s opinion. R. at 38-39. The Court granted the JMR in May 2013. R. at 34.
On remand, the appellant argued that the Board’s November 1983 decision did not constitute a medical opinion and that the evidence of record in 1983 was therefore “uncontradicted, and substantiated all elements of [his] claim.” R. at 19-21. He also argued that, even if the November 1983 decision constituted medical evidence against his claim, that decision violated his due process and fair process rights, as he was not given a meaningful opportunity to respond to that evidence. R. at 21-22.
On August 18, 2014, the Board issued the decision now on appeal and again determined that the November 1983 decision did not contain CUE. R. at 5. The Board explained that,
when the Board denied the claim in November 1983, the Board panel consisted of a Medical Doctor who reviewed the case and signed the decision along with two Law Members. Therefore, in addition to the 1982 medical opinion, the November 1983 Board decision included an unfavorable opinion in the form of the opinion of the Medical Doctor on the November 1983 Board panel.
R. at 8. This appeal followed.
II. THE PARTIES’ ARGUMENTS
The appellant argues that the Board’s conclusion that there was no CUE in the November 1983 Board decision was “ ‘arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.’ ” Appellant’s Brief (Br.) at 8 (quoting 38 U.S.C. § 7261(a)(3)(A)). Specifically, he contends that the November 1983 Board did not correctly apply 38 C.F.R. § 3.310(a), as the “only evidence of record supported a finding of service connection.” Id. He also asserts that the Board erred when it found that the November 1983 Board decision constituted medical evidence. Id. at 8-12. Finally, and in the alternative, he argues that if the November 1983 Board decision does constitute medical evidence, then the decision violated his due process and fair process rights of notice and an opportunity to be heard. Id. at 13-14.
The Secretary responds that the Board properly determined that the November 1983 decision did not contain CUE. Secretary’s Br. at 6-16. In particular, he argues that a medical member of the Board could, in November 1983, “provide a probative medical opinion,” id. at 8, and that “the Board’s ‘use of its own medical judgment provided by the medical member of the panel was common practice,’ ” id. at *5 9 (quoting Bowyer v. Brown, 7 Vet.App. 549, 552 (1995)). Thus, he asserts, the Board in the decision now on appeal “correctly viewed ... the 1983 Medical Member of the Board’s concurrence as a medical opinion counter to the opinion of Dr. Palmer.” Id. at 11. Finally, he contends that the appellant was afforded due process, as the appellant “was on notice that there was a medical doctor on the Board who could render opinions contradictory to any non-[Board] medical opinions,” and he “could file a Motion for Reconsideration of the Board’s decision.” Id. at 14.
III. ANALYSIS
A. Background
At the time of its November 1983 decision, as now, the Board was tasked with assessing the competency, credibility, and probative value of the evidence of record to render a decision on “[a]ll questions on claims involving benefits under the laws administered by [VA].” Compare 38 U.S.C. §§ 4004(a), 4005(d)(5), with 38 U.S.C. § 7104(a), (d) (2012); see also Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir.1997) (it is the “duty [of] the Board to analyze the credibility and probative value of evidence”); Owens v. Brown, 7 Vet.App. 429, 433 (1995) (it is the province of the Board to weigh and assess the evidence of record). The Board of 1983, however, differed from the Board of today in several key ways.
First, although the Board today must provide “a written statement of the Board’s findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record,” 38 U.S.C. § 7104(d)(1), the Board in 1983 was required only to provide “findings of fact and conclusions of law separately stated,” 38 U.S.C. § 4004(d) (1982). In other words, the Board was not, at the time of its November 1983 decision, required to provide a comprehensive statement of the reasons or bases for that decision and, specifically, was not bound by the current requirement that it “account for the evidence which it finds to be persuasive or unpersuasive ... and provide the reasons for its rejection of any [material] evidence.” Caluza v. Brown, 7 Vet.App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table).
Second, although the Board is now authorized to assign appeals to individual members for a decision, see 38 U.S.C. § 7102(a), Board decisions in 1983 were assigned to three-member panels called “sections,” see 38 U.S.C. § 4002 (1982). Each section was “composed of three Members (a Chief Member and ordinarily a Law Member and a Medical Member),” Board of Veterans’ Appeals Manual Number 1, ch. 2, § I, para. 2.03 (1972). The medical member, like the other members of the section, “ma[de] determinations and enter[ed] decisions on all questions and motions on appeals involving claims for benefits under all laws administered by [VA].” Id. para. 2.04(c)(1). In addition, the medical member “[r]ender[ed] advisory opinions to other Members or professional staff on medical problems within his specialized area of knowledge.” Id. para. 2.04(c)(2).
As a result, the Board’s “use of its own medical judgment provided by the medical member of the panel was common practice.” Bowyer, 7 Vet.App. at 552. The medical members served “as adjudicators, deciding cases on their own medical expertise.” Annual Report op the Chairman, Board of Veterans’ Appeals, For Fiscal Year 1992, at 14 (1992). “[T]he Board functioned as a panel of experts applying its own legal and medical expertise,” and the medical member’s “medical judgment often controlled the outcome of an appeal.” *6 Remarks of the Hon. Charles L. Cragin, Chairman, Board of Veterans’ Appeals, at the Fourth Annual Judicial Conference of the United States Court of Veterans Appeals (Sept. 16, 1996), in 10 Vet.App. XIX, at CCLXV (1996). The Court, in Colvin v. Derwinski, ended this practice, holding that Board “panels must consider only independent medical evidence to support their findings rather than provide their own medical judgment in the guise of a Board opinion.” 1 Vet.App. 171, 172 (1991), overruled on other grounds by Hodge v. West, 155 F.3d 1356 (Fed.Cir.1998).
B. CUE in the November 1983 Board Decision
It is against this background that the Court must determine whether the Board erred when it determined that the November 1983 decision did not contain CUE. A CUE motion is a collateral attack on a final RO or Board decision. Disabled Am. Veterans v. Gober, 234 F.3d 682, 696-98 (Fed.Cir.2000). CUE is established when the following conditions are met: First, either (1) the correct facts in the record were not before the adjudicator, or (2) the statutory or regulatory provision in existence at the time were incorrectly applied. Damrel v. Brown, 6 Vet.App. 242, 245 (1994). Second, the alleged error was “undebatable,” not merely “a disagreement as to how the facts were weighed or evaluated.” Russell v. Principi, 3 Vet.App. 310, 313-14 (1992) (en banc); see also Hillyard v. Shinseki, 24 Vet.App. 343, 349 (2011). Finally, the commission of the alleged error must have “manifestly changed the outcome” of the decision being attacked on the basis of CUE at the time that decision was rendered. Russell, 3 Vet.App. at 313-14; see Bustos v. West, 179 F.3d 1378, 1380 (Fed.Cir.1999) (expressly adopting the “manifestly changed the outcome” language from Russell); see also King v. Shinseki, 26 Vet.App. 433, 442 (2014) (“Whether it is reasonable to conclude that the outcome would have been different is not the standard that must be met for a motion alleging [CUE] to succeed. The governing law requires that the error be ‘undebatable’ and that the commission of the alleged error must have ‘manifestly changed the outcome’ of the decision.” (citing Russell, 3 Vet.App. at 313-14)).
“CUE is a very specific and rare kind of ‘error’ ... of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error.” Fugo v. Brown, 6 Vet.App. 40, 43 (1993). “[I]f it is not absolutely clear that a different result would have ensued,” based on the facts and law that were understood at the time of the decision, then any error that may have occurred in a final Board or RO decision is not clear and unmistakable. Id. at 44. “The Court cannot review a CUE motion under the same standard by which it reviews matters on direct appeal.” Evans v. McDonald, 27 Vet.App. 180, 186 (2014). “As a result, there will be times when the Court arrives at a different conclusion when reviewing a motion to reverse or revise a prior, final decision than it would have had the matter been reviewed under the standards applicable on direct appeal.” King, 26 Vet.App. at 442. The Court’s review of the Board’s determination on the existence of CUE is limited to whether that conclusion was “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law” or unsupported by adequate reasons or bases. 38 U.S.C. § 7261(a)(3); Hillyard, 24 Vet.App. at 349; Russell, 3 Vet.App. at 315.
The Court will turn first to the appellant’s argument that the Board erred when it found that the November 1983 *7 decision constituted medical evidence. See Appellant’s Br. at 8-12. In the decision now on appeal, the Board determined that “the November 1983 Board decision included an unfavorable opinion in the form of the opinion of the Medical Doctor on the November 1983 Board panel.” R. at 8. The Board explained that “[t]he November 1983 Board panel was free to use its own medical judgment in deciding the claim, and whether the articulation of its reasons or bases for applying that judgment may not meet present standards, it is not a basis for a CUE finding in the November 1983 Board decision.” R. at 9. Although the Secretary now argues that the Board correctly found that the November 1983 Board decision “constituted a medical opinion” that weighed against the appellant’s claim, Secretary’s Br. at 10, the Court does not agree.
The Court has held in other contexts that VA decisions are not evidence. See Wages v. McDonald, 27 Vet.App. 233, 239 (holding that the Director of Compensation’s determination as to whether an ex-traschedular rating was warranted “is not evidence”). “Evidence” is “[s]omething (including testimony, documents[,] and tangible objects) that tends to prove or disprove the existence of an alleged fact.” Black’s Law Dictionary 635 (9th ed. 2009). A Board decision, in contrast, considers “all evidence and material of record” to render a final determination “on all material issues of fact and law presented on the record.” 38 U.S.C. § 7104(a), (d)(1); see Black’s Law Dictionary at 467 (defining “decision” as “[a] judicial or agency determination after consideration of the facts and the law”). Thus, although a Board decision represents the Board’s determination as to the correct facts of a case and the application of law to those facts, a Board decision is not, itself, evidence.[1]
Having determined that the Board erred when it found that the November 1983 decision constituted medical evidence against the appellant’s claim, the Court must determine whether the appellant was prejudiced by that error. 38 U.S.C. § 7261(b)(2) (requiring the Court to “take due account of the rule of prejudicial error”); Shinseki v. Sanders, 556 U.S. 396, 410, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009). The Court holds that the Board’s error was not prejudicial.
Just as the Board today must determine whether the evidence of record is credible or probative, see Madden, 125 F.3d at 1481; Owens, 7 Vet.App. at 433, the Board in 1983 was required to examine and weigh the evidence of record when rendering its decision. As the Board determined, and the appellant concedes, “[t]he November 1983 Board panel was not prohibited from relying upon its own medical judgment to support its conclusion.” R. at 9; see Appellant’s Br. at 10. In other words, at the time of the November 1983 decision, the medical member of a Board section had the expertise to consider whether the medical evidence of record was competent, credible, and probative, and the Board was under no obligation to provide an explanation for its rejection of favorable evidence. Cf. Caluza, 7 Vet.App. at 506.
*8 The parties do not dispute that the correct facts were before the Board at the time of the November 1983 decision. Rather, the appellant argues that, because “all of the evidence of record supported his position, there is only one permissible view of the evidence, and thus no weighing or reweighing of the evidence.” Appellant’s Br. at 6 (citing Joyce v. Nicholson, 19 Vet.App. 36, 43 (2005)). Accordingly, he argues that “[t]he Board thus denied service connection ... under 38 C.F.R. § 3.310(a), incorrectly applying the law to the facts of the case.” Id.; see Crippen v. Brown, 9 Vet.App. 412, 422 (1996) (recognizing that CUE may be based on a showing “that there was no evidence before the [adjudicator] that could have supported a denial of the claim on the merits; that is, [that] all of the evidence militated in support of the claim”). The appellant’s argument, however, improperly assumes that the Board did not weigh the evidence or make determinations as to its probative value.
As discussed above, the presence of the medical member on the Board, pre-Colvin, allowed the Board to assess the probative value of medical opinions in a way that it now cannot, through the exercise of its own medical expertise and judgment. Coupled with the lack of a reasons-or-bases requirement at the time of the November 1983 decision, it is, at a minimum, not undebatable that the Board found the October 1982 opinion to be deficient in some way,[2] and the appellant’s arguments amount to a disagreement as to how the Board weighed the evidence of record— something that cannot constitute CUE. See Damrel, 6 Vet.App. at 245; Russell, 3 Vet.App. at 313-14.
To be clear, the Court does not hold that it would reach the same result were it reviewing this case on direct appeal. See King, 26 Vet.App. at 442. The Court cannot conclude, however, that the November 1983 Board decision misapplied § 3.310(a). See Kent v. Principi, 389 F.3d 1380, 1384 (Fed.Cir.2004) (holding that the “Court is obliged to review questions of law de novo ” in CUE challenges). Therefore, we hold that the Board’s conclusion that the November 1983 decision did not contain CUE is not “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law” or unsupported by adequate reasons or bases, 38 U.S.C. § 7261(a)(3); Hillyard, 24 Vet.App. at 349; Russell, 3 Vet.App. at 315.
C. Due Process and Fair Process
In light of the above analysis, the appellant’s argument that the November 1983 Board decision violated his due process or fair process rights must also fail, as those arguments are premised on the assumption that the November 1983 Board decision could be considered a medical opinion, which—as explained above—it cannot. Moreover, although the appellant correctly asserts that “there was no avenue of appeal from a Board decision in 1983,” Appellant’s Br. at 14, claimants at that time did possess two post-adjudication opportunities to be heard, either by filing a motion for Board reconsideration or by filing a request to revise the decision on the basis of CUE—which the appellant did here. See 38 C.F.R. § 19.148 (1982) (providing for reconsideration “[u]pon allegation of error of fact or law by a claimant or his representative or on the Board’s own motion”) (now codified as revised at 38 C.F.R. § 20.1000); 38 C.F.R. § 3.105 *9 (1982). This Court has previously held that there is no due process violation where “the statutes and regulations provide adequate remedy for any error that occurred in prior proceedings,” including the opportunity to challenge a prior decision on the basis of CUE. King, 26 Vet.App. at 438. “Whatever due process requires, it requires no more than that.” Prinkey v. Shinseki, 735 F.3d 1375, 1384 (Fed.Cir.2013). The Court will, therefore, affirm the Board’s August 18, 2014, decision.
IV. CONCLUSION
For the foregoing reasons, the Board’s August 18, 2014, decision is AFFIRMED.
LANCE, Judge, filed the opinion of the Court.
BARTLEY, Judge, filed a dissenting opinion.

. This is not to say that a Board decision cannot be used to demonstrate that evidence exists to support a particular fact or occurrence. For example, a Board decision in one claimant’s case might discuss evidence as to the activities of a particular unit or ship that another claimant could then use in a later appeal. See 38 C.F.R. § 20.1303 (2015) ("Prior decision in other appeals may be considered in a case to the extent that they reasonably relate to the case, but each case presented to the Board will be decided on the basis of the individual facts of the case in light of applicable procedure and substantive law.”)

. To be clear, the Court does not conclude that the Board found the October 1982 opinion to be deficient. Rather, the Court cannot, on the facts of this case, rule out the possibility that the Board did so, and it is precisely this room for debate over the Board's actions in November 1983 that proves fatal to the appellant’s CUE challenge.