NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID C. CORSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7059

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-2573, Judge Alan G. Lance, Sr.

---

Decided: October 6, 2010

---

DAVID C. CORSON, of Chloe, West Virginia, pro se.

WILLIAM P. RAYEL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and ALAN J.

Lo Re, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Staff Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before Lourie, Bryson, and Dyk, *Circuit Judges*.

Per Curiam.

David Corson ("Corson") appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming a June 19, 2008, decision of the Board of Veterans' Appeals ("the Board") in which the Board dismissed Corson's motion to revise an earlier, October 9, 2001, Board decision on grounds of clear and unmistakable error ("CUE"). *Corson v. Shinseki*, No. 08-2573 (Vet. App. Jan. 5, 2010). We *affirm*.

## BACKGROUND

Corson served on active duty in the United States Navy from October 1957 to December 1961. In April 1983, the Board denied Corson's claims of entitlement to (1) service connection for a psychiatric disability and chronic brain syndrome, (2) an increased disability rating for postoperative residuals of angiofibroma of the naso-pharynx, and (3) a total disability rating based upon individual unemployability. Corson did not appeal the Board's decision, but he subsequently requested its revision based on multiple allegations of CUE. In October 2001, the Board concluded that there was no CUE in its earlier, 1983 decision. Corson then requested revision of the Board's 2001 decision, again based on multiple allegations of CUE. In June 2008, the Board held Corson's

allegations of CUE to be an improper second collateral attack on the Board's 1983 decision, and thus to be precluded by 38 C.F.R. § 20.1409(c), which provides that once the Board renders a final decision on CUE, a claimant is prohibited from challenging that CUE determination on the same basis. Accordingly, the Board dismissed Corson's claims with prejudice.

On January 5, 2010, the Veterans Court affirmed. The court agreed that Corson's CUE allegations directed at the Board's 2001 decision were improper attempts to relitigate theories of error in the Board's 1983 decision, and thus the Board properly dismissed Corson's claims based on principles of *res judicata* as reflected in § 20.1409(c). The Veterans Court issued its final judgment on January 29, 2010, and Corson appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We must hold unlawful and set aside any regulation or any interpretation thereof relied upon by the Veterans Court that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* at § 7292(d)(1). We, however, "may

not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

In this case, the Veterans Court ruled that Corson's challenge to the Board's October 2001 decision was precluded by 38 C.F.R. § 20.1409(c), which provides that "[o]nce there is a final decision on a [CUE] motion . . . relating to a prior Board decision on an issue, that prior Board decision on that issue is no longer subject to revision on the grounds of clear and unmistakable error." Rather, "[s]ubsequent motions relating to that prior Board decision on that issue shall be dismissed with prejudice." *Id.* This court has upheld the validity of § 20.1409(c), agreeing that the rule "promotes the interests of judicial economy and finality of decision." *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 702 (Fed. Cir. 2000).

Corson challenges the Board's application of § 20.1409(c), arguing that the Board incorrectly applied the regulation when it "reached a broad general determination rather than addressing . . . each separate reasonably raised issue of CUE" as required by 38 U.S.C. § 7104(d)(1). We disagree. To the extent that the decisions of the Board and the Veterans Court interpreted § 20.1409(c) in applying the regulation, we see no error in their interpretation. On its face, § 20.1409(c) does not require each issue of CUE previously presented be addressed separately, but rather it requires that such claims must be dismissed with prejudice. That is what the Board did. Furthermore, Corson fails to explain how any alleged failure to set forth reasons and bases under § 7104(d)(1) could have "manifestly changed the outcome" of the Board's decision as required for a determination of CUE. *Cook v. Principi*, 318 F.3d 1334, 1343 (Fed. Cir. 2002) (*en banc*).

Corson also alleges various constitutional violations, including violations of his due process rights under the Fifth Amendment, and numerous statutory and regulatory violations. He further alleges that the Veterans Administration conspired to violate his rights in retaliation for his filing a discrimination action against the Administration. It is unclear how any of Corson's allegations relate to the decision of the Veterans Court from which he appeals. To the extent that Corson is arguing that the application of § 20.1409(c) violated his due process rights by denying him veterans benefits, such an argument challenges the Board's application of the regulation to the facts of this case, *i.e.*, it challenges the Board's determination that Corson's allegations of CUE amounted to no more than an attempt to relitigate his prior CUE allegations directed at the 1983 Board decision. We lack jurisdiction to entertain such a claim. 38 U.S.C. § 7292(d)(2).

We have considered Corson's other arguments and find them unpersuasive. Accordingly, we *affirm* the decision of the Veterans Court.

**AFFIRMED**

Costs

No costs.