# United States Court of Appeals for the Federal Circuit

---

**JOSEPH C. HILLYARD,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7157

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1733, Judge Lawrence B. Hagel.

---

Decided: August 17, 2012

---

KENNETH M. CARPENTER, Carpenter, Chartered of Topeka, Kansas, argued for claimant-appellant.

MARTIN F. HOCKEY, JR. Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy

Assistant General Counsel and JONATHAN E. TAYLOR, Attorney, United States Department of Veterans Affairs, of Washington, DC

_____

Before LINN, MOORE, and O'MALLEY, *Circuit Judges*.

MOORE, *Circuit Judge*.

Mr. Hillyard appeals from a decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans Appeals' (Board's) dismissal of Mr. Hillyard's second request for revision as barred by 38 C.F.R. § 20.1409(c). For the reasons set forth below, we *affirm*.

## BACKGROUND

Mr. Hillyard served in the United States Army. While in service, he suffered a head injury and was hospitalized for two weeks. After leaving the service, Mr. Hillyard filed a single claim for service connection for a mental condition, which he attributed to his in-service head injury. The Veterans Administration (VA) denied his claim and the Board affirmed. Mr. Hillyard filed a request for revision alleging clear and unmistakable error (CUE) by the Board in failing to grant service connection for an adjustment disorder or for a decline in cognitive ability due to a head injury. The Board denied Mr. Hillyard's request for revision and the Veterans Court affirmed. Mr. Hillyard later filed a second request for revision alleging CUE by the Board in failing to consider and apply 38 U.S.C. §§ 105(a) and 1111, a different CUE allegation from the one he made in his first request. The Board dismissed Mr. Hillyard's second request for revision with prejudice, concluding 38 C.F.R. § 20.1409(c) permitted only one request for revision to be filed. The Veterans Court affirmed. Mr. Hillyard appeals, arguing

that § 20.1409(c) permits multiple CUE challenges as long as each challenge is based on a different CUE theory. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. 38 U.S.C. § 7292(d)(2). We set aside a Veterans Court decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 38 U.S.C. § 7292(d)(1)(A).

This case presents a solitary legal question: what the term "issue" means in 38 C.F.R. § 20.1409(c). The Veterans Court concluded, based in significant part on our decision in *Disabled American Veterans v. Gober*, 234 F.3d 682 (Fed. Cir. 2000), that "issue" is synonymous with "claim." *Hillyard v. Shinseki*, 24 Vet. App. 343, 353 (2011). The Veterans Court held that § 20.1409 limits a veteran to one request for revision, or CUE challenge, for each disability claim finally decided by the Board, although that one CUE challenge may contain numerous arguments or theories. *Id.* at 353-54. Mr. Hillyard contends that "issue" in § 20.1409 corresponds to "theory" or specific CUE allegation, which means a veteran may file multiple CUE challenges to a disability claim finally decided by the Board as long as each challenge is based on a different theory.

Revision of Board decisions based on CUE is authorized by 38 U.S.C. § 7111. *See Disabled Am. Veterans*, 234

F.3d at 686-87.  To implement § 7111, the VA promulgated regulations including 38 C.F.R. §§ 20.1401 and 20.1409 (Rules 1401 and 1409).  *Id.* at 687-88.  Rule 1409(c) states:

> *Once there is a final decision on a motion under this subpart relating to a prior Board decision on an issue, that prior Board decision on that issue is no longer subject to revision* on the grounds of clear and unmistakable error.  Subsequent motions relating to that prior Board decision on that issue shall be dismissed with prejudice.

38 C.F.R. § 1409(c) (emphasis added).  Rule 1401(a) defines "issue":

> Unless otherwise specified, the term "issue" in this subpart means a matter upon which the Board made a final decision (other than a decision under this subpart). . . .

38 C.F.R. § 1401(a).  In its notice of rulemaking, the VA explained the operation of then proposed Rule 1409:

> Proposed Rule 1409 . . . would provide that, once there is a final decision on a motion under the proposed subpart . . . the prior Board decision on that issue *would no longer be subject to revision on the grounds of CUE and that subsequent motions on such decisions would be dismissed with prejudice.*  For example, if a party challenged a decision on service connection for failing to apply the proper diagnostic code in the Schedule for Rating Disabilities, 38 CFR part 4, and the Board denied the motion, a subsequent motion which alleged that the Board failed to apply the presumption of sound condition at the time of entry into service, 38 U.S.C. 1111, would be dismissed with preju-

> dice. *It would be clearly important that a moving party carefully determine all possible bases for CUE before he or she files a motion under the proposed subpart.*

63 Fed. Reg. 27,538 (proposed May 19, 1998) (codified at 38 C.F.R. pt. 20) (emphasis added). After the VA published the final rules, several parties challenged their validity. We considered those challenges and held that the rules at issue in this case are valid. *Disabled Am. Veterans*, 234 F.3d at 693-94 (Rule 1401); *id.* at 702 (Rule 1409).

Mr. Hillyard does not challenge the validity of the rules on appeal. Rather, he contends that our decisions in *Andre v. Principi*, 301 F.3d 1354 (Fed. Cir. 2002), and *Andrews v. Nicholson*, 421 F.3d 1278 (Fed. Cir. 2005), hold that "issue" means a specific CUE allegation—the "matter" upon which the Board makes a final determination. Mr. Hillyard argues that these cases hold that multiple requests for revision can be made to challenge VA regional office (RO) decisions and that there is no reason for Board decisions to be treated differently. Mr. Hillyard argues that this court did not address in *Disabled American Veterans* the specific question of whether an additional CUE challenge can be brought when it presents a novel theory not previously considered by the Board.

Mr. Hillyard argues that *Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009), which recognized the specific nature of CUE challenges, held that each new CUE theory is independent for res judicata purposes and that unraised CUE theories could be raised in a new action. Mr. Hillyard argues that *Disabled American Veterans*, *Andre*, *Andrews*, and *Robinson* collectively show that an "issue" decided by the Board in a request for revision

under 38 U.S.C. § 7111 is the same "issue" considered by the Board in an appeal from a RO decision—the "'theory' or specific allegation of [CUE] presented in the request for revision." Appellant Br. 16. Mr. Hillyard thus contends that a veteran can raise multiple CUE challenges to Board decisions under § 20.1409(c) as long as each CUE challenge raises a new "issue."

Mr. Hillyard and the government dispute whether this issue was decided in *Disabled American Veterans*. Regardless, the outcome is the same because we must defer to an agency's reasonable interpretation of its own regulations. *Cathedral Candle Co. v. U.S. Int'l Trade Comm'n*, 400 F.3d 1352, 1364 (Fed. Cir. 2005) ("[I]t is well settled that an agency's interpretation of its own regulations is entitled to broad deference. . . . [T]he agency's construction of its own regulations is 'of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945))). The VA's interpretation of Rule 1409(c) was clearly noted in its notice of rulemaking issued some fourteen years ago. In that notice, the VA concretely explained why it is "clearly important that a moving party carefully determine all possible bases for CUE before he or she files a motion" for revision:

> For example, if a party challenged a decision on service connection for failing to apply the proper diagnostic code in the Schedule for Rating Disabilities, 38 CFR part 4, and the Board denied the motion, a subsequent motion which alleged that the Board failed to apply the presumption of sound condition at the time of entry into service, 38 U.S.C. 1111, would be dismissed with prejudice.

63 Fed. Reg. 27,538. In other words, the VA clearly explained that Rule 1409(c) permits only one CUE challenge to a Board decision on any given disability claim. The interpretation proffered by the VA in this case is no different from the one set forth in its notice of rulemaking and is consistent with the language of the regulation.

The authority cited by Mr. Hillyard does not persuade us otherwise. Mr. Hillyard's reliance on *Andre* and *Andrews* is misplaced because those cases dealt with RO decisions. CUE challenges to RO decisions—under 38 U.S.C. § 5109A and 38 C.F.R. § 3.105—have no effect on CUE challenges to Board decisions, which fall under a different statute and regulations—38 U.S.C. § 7111 and 38 C.F.R. §§ 20.1401-1411. *Andre* and *Andrews* do not apply here.

Mr. Hillyard's reliance on *Robinson* is also misguided. *Robinson* was about the obligation to liberally read filings; it did not address a CUE challenge. 557 F.3d at 1359 ("This case presents the question whether the obligation to liberally read filings [under 38 C.F.R. § 20.202] applies to filings by counsel in the direct appeal phase of proceedings before the Board."). Although we explained in *Robinson* that CUE claims are different from direct appeals in the context of determining whether pleadings must be read "in a liberal manner," there was no CUE claim at issue in *Robinson*. The cases cited by Mr. Hillyard fail to provide any reason that we should not defer to the VA's reasonable interpretation.

CONCLUSION

The interpretation of Rule 1409(c) proffered by the VA is consistent with the language of the regulation and is in harmony with the VA's description of the regulation in its notice of rulemaking. Accordingly, we defer to the VA's interpretation.

**AFFIRMED**