NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARY E. GRIMES,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7080

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-1841, Judge Lawrence B. Hagel.

---

Decided: September 13, 2013

---

LARY E. GRIMES, of Garden City, Michigan, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and CHRISTINA L. GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge,* PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Lary E. Grimes appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans Appeals ("Board") that dismissed his claim that an earlier Board decision contained clear and unmistakable error ("CUE"). Because we are without appellate jurisdiction to review the types of challenges Mr. Grimes raises on appeal, we dismiss the appeal.

BACKGROUND

Mr. Grimes served in the United States Air Force from October 1970 to June 1974. Upon discharge from service, he applied for disability compensation for injuries sustained as a result of a raid in his barracks by security police while he was stationed in Germany in 1973. He received a 10% disability rating for a fracture in his left wrist.

In March 1977, Mr. Grimes sought an increased disability rating for his left wrist and sought service connection for heart and psychiatric conditions. In November 1977, a Regional Office ("RO") of the U.S. Department of Veterans Affairs denied all three requests. On appeal, the Board affirmed the RO's denials in a decision dated November 19, 1980 ("1980 Board Decision"). At the time—prior to November 18, 1988—claimants for veterans benefits were precluded from seeking review of Board decisions, and thus that decision became final.

In September 1990, Mr. Grimes sought to reopen his claim for service connection for his psychiatric condition. After some back and forth, in December 1994, the Board concluded that Mr. Grimes was entitled to reopen the claim, and remanded his claim to the RO for additional development and adjudication. However, the RO continued to deny the claim, and Mr. Grimes appealed the denial to the Board.

In a decision dated March 5, 1999, the Board directed the RO to grant Mr. Grimes service connection for his psychiatric condition and to increase the disability rating for his left wrist. On remand, the RO implemented the Board's decision and assigned a 10% disability rating for Mr. Grimes's psychiatric condition, effective September 1990, and increased the disability rating to 30% for his left wrist, effective August 1990.

Mr. Grimes appealed to the Board, seeking a higher rating and an earlier effective date for his disabling conditions. He also filed a request for revision of the 1980 Board Decision on the basis of CUE. He alleged CUE in the Board's denial of service connection for his psychiatric condition and denial of a disability rating in excess of 10% for his left wrist. In a January 18, 2000 decision, the Board found no CUE in the 1980 Board Decision with respect to the denial of service connection for "psychoneurosis." However, with respect to the disability rating for Mr. Grimes's left wrist, the Board referred the matter back to the RO to adjudicate issues necessary to the Board's consideration of Mr. Grimes's CUE challenge.

Mr. Grimes appealed the Board's January 2000 decision. The Veterans Court vacated the decision and remanded the case for readjudication on March 20, 2002 ("2002 Veterans Court Decision"), finding the January 18, 2000 Board decision to be inadequate in its statement of reasons to support a finding of no CUE.

On July 26, 2002, the Board issued two decisions on remand. The first decision found (1) no CUE in the 1980 Board Decision with respect to the denial of service connection for Mr. Grimes's psychiatric condition, and (2) CUE in the 1980 Board Decision in the denial of an increased disability rating for the fracture in Mr. Grimes's left wrist. Subsequently, the Board revised and increased Mr. Grimes's disability rating for his left wrist to 20%, for the period between November 1980 and September 1990. The second decision addressed issues not germane to the current appeal, such as whether CUE exists in certain rating decisions from the 1970s and entitlements to earlier effective dates for post-traumatic stress disorder and a left elbow injury, but did increase Mr. Grimes's left wrist disability rating to 20% from June 1974 to August 1990, and to 30% thereafter.

Mr. Grimes sought review of those decisions, plus a third Board decision issued on October 23, 2002 that assigned a 100% rating for his psychiatric condition, effective September 2002, but denied a disability rating greater than 10% for any period prior. On September 29, 2006, the Veterans Court issued a decision ("2006 Veterans Court Decision) (1) affirming the first July 26, 2002 Board decision that the 1980 Board Decision did not contain CUE with respect to the denial of service connection for Mr. Grimes's psychiatric condition; (2) affirming the Board's finding that Mr. Grimes was not entitled to an effective date earlier than September 1990 for his psychiatric condition; (3) remanding to the Board the determination of a disability rating for Mr. Grimes's psychiatric condition between September 1990 and September 2002; (4) deeming as abandoned any argument that the 1980 Board Decision contained CUE with respect to the disability rating for Mr. Grimes's left wrist, and disposing of other issues not on appeal.

Following remand from the Veterans Court, on July 27, 2007, the Board rated Mr. Grimes's psychiatric condi-

tion as 100% disabling between September 1990 and September 2002. Thus, Mr. Grimes had no reason to appeal that favorable decision on remand to the Veterans Court. However, it is worth noting that Mr. Grimes also did not appeal the 2006 Veterans Court Decision for further review by us.

Instead, still displeased with the 1980 Board Decision, Mr. Grimes attempted to modify that decision based on CUE once again. During a January 2010 videoconference hearing before the Board on an entirely separate issue of whether his disability compensation should be reduced while he was incarcerated for a felony, Mr. Grimes launched a collateral attack of the 1980 Board Decision as containing CUE, seemingly based on new grounds. The Board treated the attack as a motion to revise the 1980 Board Decision on the basis of CUE, and thereafter allowed Mr. Grimes to submit additional evidence and argument to support the motion.

In May 2010, the Board issued a decision ("2010 Board Decision") denying and dismissing with prejudice Mr. Grimes's various assertions of CUE in the 1980 Board Decision. The Board denied the motion with respect to Mr. Grimes's arguments based on allegedly "new" evidence that was not considered or discussed by the Board in rendering the 1980 Board Decision. The Board found that this evidence would not have altered the outcome of Mr. Grimes's claim, and thus would not constitute CUE. The Board dismissed with prejudice the rest of the allegations Mr. Grimes advanced, finding that identical arguments had been previously determined not to be CUE by the Board and affirmed by the Veterans Court in two separate decisions in 2002 and 2006. The Board found that the 1980 Board Decision could not be reviewed again on the same grounds.

Mr. Grimes appealed the 2010 Board Decision to the Veterans Court, challenging the Board's determination of

one issue: CUE. In a decision dated February 15, 2013 ("2013 Veterans Court Decision"), the Veterans Court found that (1) as a matter of law, only one CUE challenge is permitted for each claim decided in a Board decision, and thus Mr. Grimes was precluded from raising additional CUE challenges to the 1980 Board Decision with respect to his psychiatric condition; and (2) to the extent Mr. Grimes sought to challenge previous decisions by the Veterans Court, it lacked jurisdiction to consider those claims. The Veterans Court then modified the 2010 Board Decision to reflect that all of Mr. Grimes's allegations of CUE with respect to the 1980 Board Decision were dismissed with prejudice—rather than denied on the merits—in accordance with *Hillyard v. Shinseki*, 24 Vet. App. 343 (2001), *aff'd*, 695 F.3d 1257 (Fed. Cir. 2012). Finally, the Veterans Court affirmed the 2010 Board Decision as modified, and entered judgment. This timely appeal followed.

## DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We review a statutory interpretation by the Veterans Court de novo. *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005). However, we may not review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

To the extent we have jurisdiction, we set aside Veterans Court interpretations only when they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory

jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law. 38 U.S.C. § 7292(d)(1).

Giving Mr. Grimes's informal briefing the broadest latitude, we identify four issues as constituting Mr. Grimes's bases for this appeal: (1) the Veterans Court misinterpreted Mr. Grimes's underlying appeal as a motion to revise the 1980 Board Decision based on CUE, when it was actually a challenge to the 2006 Veterans Court Decision; (2) the Veterans Court, in the 2006 Veterans Court Decision, erroneously found that Mr. Grimes abandoned his CUE challenge to the 1980 Board Decision with respect to the disability rating for his left wrist; (3) the Veterans Court incorrectly affirmed the dismissal of Mr. Grimes's new CUE theories in the 2013 Veterans Court Decision because *Hillyard* and res judicata should not apply; and (4) the Board's failure to "expeditiously" comply with the remand order in the 2002 Veterans Court Decision violated his constitutional right to due process.

The first and second issues on appeal both relate to the 2006 Veterans Court Decision. The Veterans Court derives its authority to hear appeals from statute. Under 38 U.S.C. § 7252, its jurisdiction is strictly limited to the review of decisions by the Board. The Veterans Court found that because the substance of Mr. Grimes's claims did not relate to the Board decision on appeal, it lacked jurisdiction to consider those claims. Because that determination by the Veterans Court is factual in nature and did not involve the interpretation or validity of a statute, we also lack jurisdiction to revisit it. In addition, we lack jurisdiction to review Veterans Court decisions, such as the 2006 Veterans Court Decision, that are not timely appealed to us. 38 U.S.C. § 7292(a).

With respect to the third issue on appeal, Federal Circuit precedent held that only one CUE challenge is permitted to a Board decision on any given disability claim.

*Hillyard*, 695 F.3d at 1260. Indeed, it would be "clearly important that a moving party carefully determine all possible bases for CUE before he or she files a motion . . . [because] subsequent motions . . . would be dismissed with prejudice." *Id.* at 1259 (quoting 63 Fed. Reg. 27, 538 (proposed May 19, 1998) (codified at 38 C.F.R. pt. 20)). Applying the law to the facts of Mr. Grimes's claim, the Veterans Court found that Mr. Grimes is precluded from raising any additional assertions of CUE in the 1980 Board Decision. Although Mr. Grimes has attempted to create an issue of legal interpretation here, the challenged finding of preclusion by the Veterans Court is factual in nature and does not involve the validity or interpretation of a statute or regulation. As such, we are without appellate jurisdiction to consider this issue.

Finally, Mr. Grimes asserts that he has been deprived of due process because the Board failed to accord "expeditious treatment" to his claim on remand by the 2002 Veterans Court Decision as required under 38 U.S.C. § 7112. As previously stated, we have jurisdiction to consider constitutional challenges. *See* 38 U.S.C. § 7292(d)(2). However, Mr. Grimes has neither provided facts to substantiate his arguments, nor do we glean any basis for his assertion in the record. To the contrary, the Board responded to the remand order on July 26, 2002— only four months after the Veterans Court's decision dated March 20, 2002, and found that there was no CUE in the 1980 Board Decision. Thus, Mr. Grimes's assertion of a due process violation consists of no more than factual disagreement with the decisions of the Veterans Court and the Board. Merely attaching a constitutional label to a non-constitutional challenge does not suffice to create appellate jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that a claim that is constitutional in name only does not create jurisdiction over an appeal from the Veterans Court); *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation

of a basis for jurisdiction by [a] party . . . is not controlling; we must look to the true nature of the action.").

Accordingly, because we may not review the types of challenges raised here, we dismiss Mr. Grimes's appeal for lack of appellate jurisdiction.

## DISMISSED

### COSTS

Each party shall bear its own costs.