NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID C. CORSON,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-2279

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-3103, Judge Bruce E. Kasold.

---

Decided: October 12, 2016

---

DAVID C. CORSON, Chloe, WV, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY; BRIAN D. GRIFFIN, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs.

---

Before LOURIE, MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

David C. Corson ("Corson") appeals a final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") rejecting his challenge to a decision of the Board of Veterans' Appeals ("board") which denied his motion to revise an October 2001 board decision on the grounds of clear and unmistakable error ("CUE"). *See Corson v. McDonald*, No. 15-3103, 2016 WL 1613980 (Vet. App. Apr. 22, 2016) ("*Corson II*"). For the reasons discussed below, we *affirm*.

## BACKGROUND

Corson served on active duty in the United States Navy from October 1957 until December 1961. In August 1959, Corson underwent a procedure to remove a nasopharyngeal angiofibroma. In 1961, after Corson left the service, the Department of Veterans Affairs ("VA") granted him service connection for "angiofibroma of the nasopharynx, non-malignant." Corson was assigned a thirty percent disability rating.

In April 1983, the board denied Corson's request for an increased disability rating. It rejected Corson's claim that his depressive neurosis was secondary to his service-connected nasopharyngeal angiofibroma. The board also denied Corson's request for a total disability rating due to individual unemployability ("TDIU"), concluding that his schedular rating did not meet the regulatory minimum for TDIU benefits.

Corson subsequently sought revision of the board's April 1983 decision based upon multiple allegations of CUE. In October 2001, the board denied Corson's request for revision, finding no CUE in the April 1983 board decision. In June 2008, the board dismissed, with prejudice, Corson's request to revise the board's October 2001

decision. The board concluded that Corson was improperly attempting to relitigate CUE theories that it had considered but rejected in its October 2001 decision.

The Veterans Court affirmed the dismissal of Corson's CUE motion in January 2010. On appeal, this court likewise affirmed, explaining that under 38 C.F.R. § 20.1409(c) "once the Board renders a final decision on CUE, a claimant is prohibited from challenging that CUE determination on the same basis." *Corson v. Shinseki*, 396 F. App'x 688, 689 (Fed. Cir. 2010) ("*Corson I*").

In 2011, Corson filed another request to revise the board's October 2001 decision on the basis of CUE. *See Corson v. Shinseki*, No. 13-0573, 2014 WL 1648729, at *2 (Vet. App. Apr. 25, 2014). In 2014, the Veterans Court affirmed the board's dismissal of that claim with prejudice. *See id.* at *5–6.

In January 2015, Corson filed a third request for revision of the October 2001 board decision on the basis of CUE. *See Corson II*, 2016 WL 1613980, at *1. The board dismissed Corson's claim with prejudice and the Veterans Court, in a single-judge decision, affirmed. The court explained that a final board decision on a CUE motion is not itself subject to revision on the grounds of CUE. *Id.* In June 2016, the Veterans Court granted Corson's request for rehearing by a three-judge panel and simultaneously adopted the single-judge decision as the decision of the court. *See Corson v. McDonald*, No. 15-3103, 2016 WL 3086737, at *1 (Vet. App. June 2, 2016). Corson then appealed to this court.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is circumscribed by statute. We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a

determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Unless a constitutional issue is presented, however, this court may not review "a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We review legal determinations made by the Veterans Court de novo. *See Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

Under 38 U.S.C. § 7111(a), "[a] decision by the Board is subject to revision on the grounds of [CUE]." As we have previously made clear, however, a veteran is limited to one request for revision, or CUE challenge, for each disability claim finally decided by the board. *See Hillyard v. Shinseki*, 695 F.3d 1257, 1259–60 (Fed. Cir. 2012); *see also* 38 C.F.R. § 20.1409(c) ("Once there is a final decision on a [CUE] motion . . . relating to a prior Board decision on an issue, that prior Board decision on that issue is no longer subject to revision on the grounds of [CUE]. Subsequent motions relating to that prior Board decision on that issue shall be dismissed with prejudice.").

In Corson's previous appeal to this court, we rejected his argument that 38 C.F.R. § 20.1409(c) permitted him to bring a claim asserting that the board's October 2001 decision—which found no CUE in the board's April 1983 decision—itself contained CUE. *See Corson I*, 396 F. App'x at 690. Because the issue of whether Corson has the right to raise a CUE challenge to the board's October 2001 decision was conclusively adjudicated in his previous appeal, he is collaterally estopped from relitigating that issue in his present appeal. *See United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170–71 (1984) ("As commonly explained, the doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action."); *Stephen Slesinger, Inc. v. Disney Enters.*,

*Inc.*, 702 F.3d 640, 644 (Fed. Cir. 2012) ("The doctrine of issue preclusion, or collateral estoppel, protects the finality of judgments by preclud[ing] relitigation in a second suit of issues actually litigated and determined in the first suit." (citations and internal quotation marks omitted)).

Corson also asserts that the VA erred in failing to apply the "benefit of the doubt" rule. Pursuant to 38 U.S.C. § 5107(b), the VA is obliged to give the benefit of the doubt to a veteran when there is "an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter." The benefit of the doubt rule does not apply in the context of CUE motions, however, because "CUE is an error where there can never be a balance of the evidence situation in which there must be benefit of the doubt in favor of the veteran." *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 704 (Fed. Cir. 2000) (citations and internal quotation marks omitted); *see also* 38 C.F.R. § 20.1403(a) ("Clear and unmistakable error is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error.").

Corson further alleges that the VA violated his right to due process when it fraudulently altered certain of his medical records. Merely characterizing a claim as constitutional is not enough, however, to "confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Corson's wholly unsupported allegation that the VA tampered with his medical records is insufficient to raise a non-frivolous constitutional issue. *See id.* ("To the extent that [a veteran] has simply put a 'due process' label on his contention that he should have prevailed on his . . . claim, his claim is constitutional in name only."); *see also Corson II*, 2016 WL 1613980, at *1 ("To the extent Mr. Corson asserts that [the] VA falsified or suppressed record evidence in violation of his due

process right, he fails to demonstrate record support for his assertions.").

### CONCLUSION

We have considered Corson's remaining arguments but do not find them persuasive. Accordingly, the judgment of the United States Court of Appeals for Veterans Claims is affirmed.

**AFFIRMED**