NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID C. CORSON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2154

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-1085, Chief Judge Robert N. Davis, Judge Coral Wong Pietsch, Judge Joseph L. Toth.

---

Decided: November 8, 2018

---

DAVID C. CORSON, Keystone Heights, FL, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

----

Before MOORE, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant David C. Corson appeals the U.S. Court of Appeals for Veterans Claims ("Veterans Court") decision dismissing his claim that the Department of Veterans Affairs ("VA") violated his constitutional right to due process for lack of jurisdiction. *Corson v. Wilkie* (*Corson II*), No. 18-1085, 2018 WL 1721873, at *2 (Vet. App. Apr. 9, 2018). Because we lack jurisdiction, we dismiss.

## BACKGROUND

Following our earlier decision holding that Mr. Corson's allegations were insufficient to raise a due process claim, *see Corson v. McDonald* (*Corson I*), 662 F. App'x 954, 957 (Fed. Cir. 2016),[1] Mr. Corson filed a petition for a writ of mandamus, seeking to compel the adjudication of a 2002 total disability rating based on his individual unemployability ("TDIU") claim, which seeks a finding of TDIU retroactive to 1961. Appellee's App. 50–54. We issued an order denying the Petition. *Id.* at 54; *see id.* (stating that Mr. Corson was "collaterally estopped from relitigating whether there was [clear and unmistakable error] in" the Board of Veterans' Appeals' ("Board") prior decisions); *Corson II*, 2018 WL 1721873, at *2 n.1 (explaining, by the Veterans Court, that we denied a construed petition for a writ of mandamus making many of the same assertions).

In February 2018, Mr. Corson filed a "constitutional complaint" with the Veterans Court, Appellee's App. 13–

----

[1]    Because *Corson I* recited the facts in full, we presume familiarity with that opinion and recite only those facts necessary to address subsequent developments.

49, arguing that the VA changed established rating procedures for adjudicating VA decisions, destroyed evidence of examinations, and inserted false evidence into rating decisions, *id*. at 22–24, as part of a continuing "cover-up" that violated his Fifth Amendment constitutional rights, *id*. at 28. Mr. Corson challenged various VA and Board decisions through 2001 and made clear that he was not petitioning for a writ of mandamus, but rather "for a determination . . . that the minimal due process the VA owes [Mr. Corson] for his 2002 TDIU claim, [and other rating decisions], . . . has not been provided." *Id.* at 24.

The Veterans Court dismissed the Complaint, explaining that (1) the Complaint was not a timely notice of appeal because "the most recent decision referenced is 16 years old," (2) the Complaint did not appear to relate to a matter potentially within the Veterans Court's jurisdiction, and (3) the Complaint did not meet the pleading requirements of Veterans Court Rule 21[2] because, inter alia, the Petition lacked the facts necessary to understand

---

[2] Veterans Court Rule 21(a) for "Extraordinary Relief" requires a petition to:

> (1) state the precise relief sought; (2) state the facts necessary to understand the issues presented by the petition; (3) state the reasons why the Court should grant the petition, including why the petitioner has a clear and indisputable right to the writ and why there are inadequate alternative means to obtain the relief sought; (4) include an appendix containing copies of any order or decision or any other documents necessary to understand and support the petition; and (5) describe any public officer who is a respondent by name and official title.

U.S. Vet. App. R. 21(a).

the alleged constitutional violation. *Corson II*, 2018 WL 1721873, at *2. The Veterans Court further explained that it lacked jurisdiction over the matter because Mr. Corson asserted "that this is *not* a petition for a writ of mandamus."[3] *Id.* at *1. In doing so, the Veterans Court explained that the Complaint "comes close to being frivolous" and warned Mr. Corson "not to submit any future filing that ignores jurisdictional rules or attempts to relitigate matters that have been finally adjudicated." *Id.* at *4.

In April 2018, Mr. Corson filed a motion for a panel review comprised of three Veterans Court judges, Appellee's App. 8, and the Veterans Court entered judgment upholding the panel's Decision, *id.* at 7.

DISCUSSION

I. Standard of Review

The scope of our review in an appeal from the Veterans Court is limited by statute. *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). We may review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2012). "Except to the extent an appeal . . . presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

---

[3] Unlike a petition for a writ of mandamus, which requests that the Veterans Court compel VA action, Mr. Corson requested an independent Veterans Court determination of a due process violation. Appellee's App. 24.

## II. We Lack Jurisdiction over Mr. Corson's Appeal

On appeal, Mr. Corson asserts that the Veterans Court erred in finding that it lacked jurisdiction over his constitutional claims, Appellant's Br. 21, because the VA violated his constitutional due process rights by changing procedures for adjudicating VA decisions, *id.* at 3–5. Specifically, he contends that the VA "caused Fifth Amendment [c]onstitutional [d]ue [p]rocess violations to occur in making determinations in [his] rating decisions" by, inter alia, suppressing and fabricating evidence. *Id.* at 4–5. We disagree.

Mr. Corson fails to challenge any particular aspect of the Veterans Court's decision based on a rule of law or the validity or interpretation of any statute or regulation. *See generally* Appellant's Br. Nor does Mr. Corson raise any legitimate constitutional challenge. *See generally id.* Rather, the Veterans Court dismissed Mr. Corson's complaint for falling outside of its jurisdiction.[4] *Corson II*,

---

[4] The Veterans Court's rules provide two means for initiating its review: (1) a timely notice of appeal from a Board decision, U.S. Vet. App. R. 3–4; and (2) a petition for a writ of mandamus, U.S. Vet. App. R. 21. Both of these rules derive from 38 U.S.C. § 7252(a), providing jurisdiction to hear appeals from the Board and under the All Writs Act, 28 U.S.C. § 1651(a). Similarly, pursuant to 38 U.S.C. § 7266, an appeal of a final Board decision must be brought with the Veterans Court "within 120 days after the date on which notice of the decision is mailed." Whether an appeal is timely filed is a factual determination that we may not review. *See Albun v. Brown*, 9 F.3d 1528, 1530 (Fed. Cir. 1993) (holding that we lacked jurisdiction over a claim that a notice of appeal was timely filed because it involved only factual matters). Here, the Veterans Court examined Mr. Corson's "constitutional

2018 WL 1721873, at *2–4.  Because the Veterans Court ultimately dismissed the Complaint based on the application of law to fact, i.e., the Complaint's failure to comply with the Veterans Court's rules, and Mr. Corson does not appear to raise a legal challenge to the Veterans Court's rules or statutes, we lack jurisdiction.  *See Cromer v. Nicholson*, 455 F.3d 1346, 1349 (Fed. Cir. 2006) (providing that when the Veterans Court resolves an appeal independently of a potential legal issue, we lack jurisdiction).

In dismissing his Complaint, the Veterans Court explained that "this disposition should *not* be read as putting form over substance" because Mr. Corson "has repeated the same allegations many times in previous cases, but they have not grown any clearer or more reliable with repetition."  *Corson II*, 2018 WL 1721873, at *4; *see Corson I*, 662 F. App'x at 957 (concluding that allegations by Mr. Corson identical to those here were "wholly unsupported").  To the extent that Mr. Corson broadens his constitutional arguments to encompass the actions of the Veterans Court, they lack merit.  Though Mr. Corson presented his Complaint as a "constitutional complaint" and refers to eighteen past actions by the VA that allegedly violated his constitutional rights, Appellant's Br. 3–4 (alleging that the Veterans Court allowed the Board to engage in the "fabrication of and the insertion of false evidence" and "the insertion of false statements as evidence into" its rating decision), simply characterizing a claim as "constitutional" does not render it non-frivolous or cognizable, *see Helfer v. West*, 174 F.3d 1332, 1355

---

complaint" and determined that it was neither a timely notice of appeal nor a proper petition. *Corson II*, 2018 WL 1721873, at *2.  Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to fact.  38 U.S.C. § 7292(c); § 7292(d)(2).

(Fed. Cir. 1999) ("To the extent that [a veteran] has simply put a 'due process' label on his contention that he should have prevailed on his . . . claim, his claim is constitutional in name only."). Therefore, Mr. Corson's unsupported allegations are insufficient to raise a non-frivolous constitutional issue.

## CONCLUSION

We have considered Mr. Corson's remaining arguments and find them unpersuasive. The Decision of the United States Court of Appeals for Veterans Claims is

**DISMISSED**